Kunkle, J.
This is a proceeding- to appropriate land for conservancy purposes. The official appraisers of the Conservancy District appraised the land in question, which consists of 83.74 acres, at slig-htly less than $190 per acre. The property owner appealed to the court of common pleas, as *170 provided by Section 34 of the Conservancy Act (Section 6828-34, General Code).
Upon the first trial in the court of common pleas the jury returned a verdict fixing the value of the land at $280 per acre. The trial court held that this verdict was excessive, and set aside the verdict upon the weight of the evidence.
The second trial resulted in a verdict fixing the value at $303 per acre, plus.
Motion for a new trial was overruled and judgment rendered upon the verdict.
Various errors are assigned in the petition in error. The errors chiefly relied upon, however, are as follows:
1. ' Error in instructing the jury that a verdict might be returned by the concurrence of nine or more jurors.
2. Error in refusing to issue a special venire to fill the panel, and in ordering the sheriff to fill the panel.
3. The verdict is excessive and contrary to the weight of the evidence.
It is now definitely settled that the three-fourths jury law applies to cases of this nature, and this was conceded at the time of the hearing of the case in this court.
The question as to filling the panel is not without difficulty and some doubt.
The Conservancy Act (Section 6828-34, General Code), provides:
“Which suit shall be proceeded with in accordance with the statute regulating appropriations by other than municipal corporations.”
*171 Section 11051, General Code, which relates to appropriations by other than municipal corporations, provides for filling vacancies in the panel as follows:
“The judge shall order the sheriff to fill the vaoancies with talesmen.”
This section further provides:
“The judge shall order the sheriff to fill the remaining vacancies in the jury box required to make up the number of twelve with talesmen.”
Counsel for plaintiff in error rely upon the following sections of the Code, namely: Sections 11212 and 11434. The material provisions of Section 11212 are as follows:
“The provisions of law governing civil proceedings in the court of common pleas, so far as applicable, shall govern like proceedings in the probate court, when there is no provision on the subject in this title.” (Title III, Part third.)
The material provisions of Section 11434 are as follows:
“When it is necessary to summon talesmen, the court, on the motion of either party, shall select them, and cause to be issued immediately a venire for' as many persons having the qualification of a juror as, in the opinion of the court, may be necessary,” etc.
It is contended by counsel for plaintiff in error that the word “talesmen,” as used in Section 11051, is subject to the definition and description contained in Section 11434, and that both sections are to be considered together.
We are unable to reach the conclusion that Section 11434 was intended to define the word “tales- *172 men.” We think the latter section relates to the manner of selecting talesmen in cases not otherwise provided for.
The case at bar is governed by Section 11051, General Code, and rests upon the construction of that particular statute.
We think the fair construction of Section 11051 would be to uphold a trial court in refusing to proceed under Section 11434, and in following the express provisions of Section 11051.
There was, in our opinion, therefore, no prejudicial error in respect to the selection of a jury.
The remaining question relates to the weight of the evidence. The journal entry shows the first verdict was set aside by the trial court upon the weight of the evidence.
Section 11577, General Code, provides:
“The same court shall not grant more than one new trial on the weight of the evidence against the same party in the same case, nor shall the same court grant more than one judgment of reversal on the weight of the evidence against the same party in the same case.”
The trial court was not authorized to grant a second new trial upon the ground of the weight of the evidence. The court of appeals, being merely a reviewing court, would not, in our judgment, be authorized to reverse the judgment of the trial court on the weight of the evidence when the trial court was not authorized to set the verdict aside on such ground.
In other words, we could not find that the trial court committed prejudicial error in refusing to set aside the verdict upon the weight of the evidence, *173 when such court was expressly prevented from so doing.
We have examined all of the grounds of error suggested by counsel for plaintiff in error, but finding no error in the record which we consider prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.

Judgment affirmed.

Allread and Ferneding, JJ., concur.